

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00019-CR

———————————————

JOEL ENGOBO MAMBE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1550893D

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

This is appellant Joel Engobo Mambe's second appeal in the underlying trial-court case. In his first appeal, we modified his conviction from aggravated sexual assault to aggravated assault, and we remanded the case for the trial court to reassess punishment within the proper range for a second-degree felony. *Mambe v. State*, No. 02-19-00318-CR, 2020 WL 6601594, at *3 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (also deleting assessed court costs). Mambe has now appealed from the trial court's reassessment, which resulted in a twenty-year sentence. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.02(a)(2), (b).

Mambe's court-appointed appellate counsel has filed a motion to withdraw and supporting brief, in which he states that in his professional opinion, there are no arguable grounds for appeal. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable or potentially plausible grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has discussed jurisdiction, trial counsel's effectiveness, the case's procedural posture—including that Mambe judicially confessed to the underlying offense—and the sentence; he also considered that a

2

potential public-trial complaint was not preserved.[1]  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

Although given the opportunity to respond to counsel's *Anders* brief, Mambe did not.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).  The State declined to file a responsive brief but agreed that Mambe has no meritorious grounds for appeal.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the *Anders* requirements, we have a supervisory obligation to independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  We also consider the matters raised in the *Anders* brief and any response filed by the pro se appellant.  *See, e.g., Schulman*, 252 S.W.3d at 407–08.

We have carefully reviewed the entire record and counsel's brief.  Although counsel did not identify an error in the judgment, we have found an error we may correct on our own.  *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (noting that an appellate court has the authority to make a judgment "speak the truth").  In its judgment after remand, the trial court assessed $290 in court costs and $55 in reimbursement fees.  But in this court's memorandum opinion remanding the

---

[1]The reassessment hearing occurred via video conference.

case, we held that the trial court had erroneously assessed court costs in this trial-court cause number (because it was tried with two other offenses), and we deleted those costs. *Mambe*, 2020 WL 6601594, at *3. And in our judgment and mandate, we instructed "the trial court *solely* to conduct a new punishment hearing and to sentence Mambe within the permissible range for his second-degree-felony conviction for aggravated assault." [Emphasis added.] Thus, the trial court erroneously included costs and reimbursement fees in its judgment on remand.

Except for the erroneous inclusion of costs and reimbursement fees in the judgment, we conclude that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw, modify the judgment to delete the $290 in court costs and $55 in reimbursement fees, and affirm the judgment as modified. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Kelly*, 436 S.W.3d at 318–19; *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 28, 2022

4